D.) Did Pennsylvania Statute 53 P.S. § 13131.1 not remove taxpayer standing?

E.) Was Pennsylvania Statute 53 P.S. § 13131.1 unconstitutional since it violated the one subject rule under Article III, Section 3 of the Pennsylvania Constitution?

F.) Did Pennsylvania Statute 53 P.S. § 13131.1 not supersede Philadelphia zoning Ordinance 14–1708(1) since the Philadelphia zoning Ordinance is based on the grant of Home Rule authority within the policing powers and on a uniquely local issues?— Judge Glazer held there was no standing and quashed the appeals. The Commonwealth Court affirmed.

This matter is to be argued with, *Spahn v. Zoning Board of Adjustment, City of Philadelphia and R.G. Woodstock Associates, LLC*, Nos. 25 & 26 EAP 2008 and *SCRUB v. Zoning Board of Adjustment, City of Philadelphia*, No. 27 EAP 2008.

■

**Sara Zalewski CREE, Petitioner**

**v.**

**WEST PENN ALLEGHENY HEALTH SYSTEM, INC., Forbes Regional Hospital, Almar Radiologists, Inc., and Maureen M. Bidula, M.D., Respondents.**

Supreme Court of Pennsylvania.

July 15, 2008.

## ORDER

PER CURIAM.

**AND NOW,** this 15th day of July, 2008, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

(1) When a plaintiff has failed to file a timely certificate of merit pursuant to Pa. R.C.P. 1042.3 and files a petition to open a resulting judgment of *non pros* pursuant to Pa.R.C.P. 3051, should a court's scope of inquiry be limited to the facts alleged in the petition to open or should such inquiry extend to expert reports procured for purposes of filing a certificate of merit?

■

**In re ESTATE OF Alice G. NOVOSIELSKI, Deceased,**

**Petition of Thomas V. Proch.**

Supreme Court of Pennsylvania.

July 15, 2008.

## ORDER

PER CURIAM.

**AND NOW,** this 15th day of July, 2008, the Petition for Allowance of Appeal is

**GRANTED.** The issues to be briefed and argued, rephrased for clarity, are:

(1) By applying state law to override federal treasury regulations, is the Superior Court's award of the joint treasury account to the decedent's estate precluded by the Supremacy Clause of the United States Constitution?

(2) Did the Superior Court err in holding that the presumption of survivorship under 20 Pa.C.S.A. § 6304(a) is defeated, *per se,* if the joint account results in an allocation of the estate that is inconsistent with an existing will?

(3) Did the Superior Court err in determining, under 20 Pa.C.S.A. § 6304(a), that there was clear and convincing evidence of a different intent at the time the account was created?

(4) Did the Superior Court err in failing to accord the factual findings of the master the same weight and effect as a jury verdict?